UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Robert Porter, Sr, et al.,**
   **Plaintiffs,**

   vs.             07-2036

**Robert H. Bellar and**
**Jacqueline Lindsey,**
   **Defendants.**

## OPINION

  This lawsuit is brought by Robert Porter, Sr. He captions his complaint as Robert Porter Sr and John Doe Veterans as the plaintiffs. Mr. Porter brings his lawsuit pursuant to 28 U. S. C. Section 1331 against Robert H. Bellar, Hospital Director at the Veterans Administration Hospital in Danville, Illinois; and Jacqueline Lindsey, Acting Chief, Benefits Section, Veterans Administration Hospital, Danville, Illinois. Although Mr. Porter did not file a motion to certify a class action, it is apparent that he is attempting to bring a class action lawsuit.

## Standard

  The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

  Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

## Background

The court takes as true the plaintiff's allegations for purposes of this order. Mr. Porter is currently incarcerated at the Pontiac Correctional Center. Previous to his incarceration at Pontiac Correctional Center, while awaiting trial, Mr. Porter was detained at the Vermilion County Jail in Danville, Illinois and was detained there when he first brought this lawsuit.

Mr. Porter is a veteran who was honorably discharged from armed services. Porter claims that defendant Bellar has in the past and continues to deny honorably discharged veterans access to any and all medical care, medical prescriptions, services for mentally ill veterans, including in-patient and out-patient services. Porter claims this is contrary to federal regulations that only apply to state incarcerated offenders in a penal institution, but not to county incarcerated inmates. Porter allege that the denial of medical care violates the "First" and Eighth Amendments.

Further, Porter claims that defendant Lindsey has in the past and continues to deny all Vermilion County inmates who are honorably discharged veterans medical benefits in direct violation of federal regulations "instituted as such willfully" all in violation of the "First" and Eighth Amendments.

Porter also claims that the Vermilion County Sheriff's Department is not responsible nor has a duty to pay for outside medical services for the plaintiff and John Doe veterans who incur their own medical costs for services rendered, including prescriptions. Further, Porter claims that Vermilion County does not qualify as a state agency, but instead is a county agency and therefore is not a penal institution for the purpose of being denied access to medical care for incarcerated (detained) veterans awaiting trial. Further, plaintiff claims that all other veterans hospitals in the tri-state area of Illinois, Missouri and Indiana provide adequate health care for inmates on the county level in their immediate jurisdictions.

As relief requested, the plaintiff seeks temporary and permanent injunctive relief for access to any and all medical services at Danville Veterans Hospital for the plaintiff and John Doe veterans while incarcerated at the county level.

Pursuant to 28 U.S.C. §1915A, a merit review of the plaintiff's complaint was held on July 30, 2007. The plaintiff appeared via video conference. During the merit review conference, Mr. Porter moved orally to amend his complaint to include a claim under the 5th Amendment for due process violations. The allegations are the same for his 5th Amendment claim. Mr. Porter advised the court that he is a diabetic. He admitted that during his detainment at Vermilion County Jail, he had an adequate supply of insulin and needles. Mr. Porter also admitted that he did not need any services from the Veterans Administration Hospital during his detainment in the Vermilion County Jail.

### Conclusion

"To certify a class action, the court must find, among other things, that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). This court cannot make this finding in the present action because plaintiff is not represented by an attorney. Since absent class members are bound by a judgment whether for or against the class, they are entitled at least to the assurance of competent representation afforded by licensed counsel. *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975); *see also Ethnic Awareness Organization v. Gagnon,* 568 F.Supp. 1186, 1187 (E.D.Wis.1983); *Huddleston v. Duckworth,* 97 F.R.D. 512, 51415 (N.D.Ind.1983)(prisoner proceeding pro se not allowed to act as class representative)." Furthermore, Mr. Porter had no deprivation during his detainment at the Vermilion County Jail and therefore, he fails to state a claim upon which relief may be granted, *s*ee Fed. R. Civ. Proc. 12(b)(6), and is not an appropriate class representative. *See* Fed. R. Civ. P. 23(a). Finally, the plaintiff's due process claim is insufficient and therefore, his oral motion to amend his complaint to include a claim of due process violation under the 5th Amendment is denied..

**It is ordered:**

1. **Based on the foregoing, pursuant to Fed R. Civ. Pro. Rule 15, the plaintiff's oral motion to amend his complaint is denied. The clerk of the court is directed to file plaintiff's complaint, forthwith.**
2. **Pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A, the plaintiff's complaint is dismissed. All remaining matters are rendered moot. The clerk of the court is directed to terminate this case in its entirety.**
3. **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**
4. **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement to the attention of the trust fund office. Release from incarceration**

      **does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**
5. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

**Enter this 31st day of July 2007.**

                                          S/ Michael P. McCuskey
                              _____
                                           **Michael P. McCuskey**
                                **Chief United States District Judge**